# UNITED STATES DISTRICT COURT
for the
Eastern District of California

| | |
|---|---|
| United States of America<br>v.<br><br>Christian Nicholas Claustro<br><br><br><br>*Defendant(s)* | )<br>)<br>)  Case No.  **1:22-mj-00197-SAB**<br>)<br>)<br>)<br>) |

**FILED**
Dec 28, 2022
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

## CRIMINAL COMPLAINT BY RELIABLE ELECTRONIC OR TELEPHONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of  December 26, 2022  in the county of  Mariposa  in the Eastern District of  California , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 13, CA VC 10851(a)<br>18 U.S.C. 13, CA VC 2800.2<br>18 U.S.C. 661 | 1) 18 U.S.C. 13, CA VC 10851(a) - Driving a vehicle without the consent of the owner, punishable by a jail term of not more than one year, and a fine of up to $5,000, or both. 2) 18 U.S.C. 13, CA VC 2800.2 - Fleeing or attempting to elude a pursuing police officer, with willful or wanton disregard for the safety of persons or property, punishable by a jail term of not more than one year, and a fine of up to $10,000, or both. 3) 18 U.S.C. 661, theft, punishable by a jail term of not more than five years or a $250,000 fine, or both. |

This criminal complaint is based on these facts:

Affidavit of John Hesdon, U.S. Park Ranger, attached hereto and incorporated herein.

☑ Continued on the attached sheet.

*Complainant's signature*

John Hesdon, U.S. Park Ranger
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone

Date: **Dec 27, 2022**

*Judge's signature*

City and state:  Fresno, CA   Hon. Stanley A. Boone, U.S. Magistrate Judge
*Printed name and title*

PHILLIP A. TALBERT
Acting United States Attorney
ARIN C. HEINZ
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile:  (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA | CASE NO. |
|---|---|
| V. | AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT |
| CHRISTIAN NICHOLAS CLAUSTRO, | |

I, John Hesdon, being first duly sworn, hereby depose and state as follows:

### I.      INTRODUCTION AND AGENT BACKGROUND

1. I am a commissioned Law Enforcement Officer with the National Park Service. I have five years of experience as a law enforcement ranger for the National Park Service. I was trained in conducting investigations at the law enforcement academy at Temple University in 2016 and again in 2018 at the Federal Law Enforcement Training Center. I serve as a field trainer for the National Park Service and am frequently tasked with observing and training new officers in the conducting of law enforcement investigations and field operations. I have conducted multiple interviews and investigations relating to natural resource crime, property crimes, and commercial use crimes, among others, throughout my

AFFIDAVIT

1. Park Service career.

2. This affidavit is based on the following facts and information observed by me and or provided to me by other National Park Service Law Enforcement Rangers. This affidavit establishes probable cause that Christian Claustro committed the following offenses: violation of 18 U.S.C. Section 13, CV 2800.2, fleeing or attempting to elude a pursuing police officer in a willful or wanton disregard for the safety of persons or property; 18 U.S.C Section 13, CA VC 10851(a), driving a vehicle without the consent of the owner and 18 U.S.C Section 661 for theft of personal property.

## II.   PROBABLE CAUSE

1. The following are facts relayed to me directly by U.S. Park Rangers Rippetoe and Blade, as well as a summation of my interview with the victim, S.P., unless otherwise noted.

2. On December 26th, 2022, at approximately 5:30am, S.P. was driving near the housekeeping camp area of Yosemite National Park when she observed a bicycle in the road and stopped to evaluate if anyone was hurt. As she stopped the car, a male individual (later identified as CLAUSTRO) knocked on her passenger side window and then began to enter the passenger seat of her vehicle. S.P. asked the male what was going on, CLAUSTRO repeatedly stated that he needed a ride and needed to get away from the area but would not tell S.P. where he was going or why he needed to get away.

3. S.P. did not recognize or know the male (CLAUSTRO). S.P. described the individual as a male with tan skin and curly black hair, over five foot five inches tall, with a slight accent, wearing a black puffer jacket.

4. S.P. got out of her vehicle and moved toward the bicycle in the road. As she did so, CLAUSTRO got out of the vehicle and got into the driver seat of S.P.'s vehicle, a red 2017 Subaru Outback with California license plate 8AEC047. Upon

AFFIDAVIT

information and belief, this car was valued at more than $13,993, per Kelley Blue book estimates for a like model with standard equipment and miles.

5. S.P. attempted to remove CLAUSTRO from the driver seat, grabbing him and attempting to pull him out while he attempted to close the door on her. CLAUSTRO then began to move the vehicle forward and S.P. released him to avoid being dragged under the vehicle. The vehicle drove out of view and S.P. called Yosemite dispatch. Approximately 10 minutes later, S.P. observed a vehicle driving back towards her, going the wrong way on a one-way road. She stated that the vehicle, her red Subaru Outback, swerved to avoid another vehicle in the road, drove off road and straight at her before correcting and continuing the wrong way heading west.

6. At approximately 5:50 am Ranger Jacob Blade was called by Park dispatch and dispatched to respond to the car theft. At the Split Rock pull off within the boundaries of Yosemite National Park he observed the red Subaru with a matching plate driving westbound on Hwy 140 at a high rate of speed. Blade turned his marked patrol vehicle around and began to follow the subject's vehicle. The subject's vehicle began to pick up speed as Blade activated his lights. The subject vehicle failed to yield to Blade's lights and sirens and weaved between lanes for the length of the pursuit. Blade informed Park dispatch that he was pursuing the vehicle. This occurred within the special and maritime jurisdiction of the United States because it occurred within the boundaries of Yosemite National Park. The pursuit continued to the park boundary and beyond, Mariposa County was contacted when the pursuit left Park boundary near the west end of Foresta Road.

7. From Split Rock to the Ferguson bridge, the speed of the pursuit averaged approximately 70 miles per hour in a largely 35 mile per hour zone. The road was wet and dark. While he was approaching the Ferguson Bridge, a one-way road,

AFFIDAVIT

Blade was able to see headlights on the bridge.

8. As the pursuit reached the Ferguson slide bridge, the subject vehicle drove the wrong way on to the bridge, colliding head on with another vehicle. The other vehicle was disabled by the amount of damage caused. The subject vehicle removed itself from the collision and continue driving. Blade moved around the now disabled vehicle and continued.

9. The pursuit continued at an average speed between 40-50 miles an hour on winding mountain roads until reaching Briceburg Grade. The subject vehicle continued to use both lanes of traffic and the stretch of road from Ferguson bridge to Briceburg has several blind corners. Additionally, the road was wet, and it was still dark.

10. At approximately one mile uphill of Briceburg Visitor center, the subject vehicle took what appeared to be a deliberate turn off the side of the road at approximately 15 miles an hour, sliding and falling approximately 200 feet to the bottom of a canyon and out of view. Blade, along with rangers Rippetoe and White, hiked to the bottom of the canyon and located the car. Upon arrival the car was empty with the driver's side door open and all of the airbags deployed.

11. The vehicle was later towed up the hill and taken to a storage yard because the damage rendered it unable to be driven.

12. The following are my own observations and actions: At approximately 7:55 PM I received a call through dispatch that an attorney representing the subject from the car theft and pursuit was requesting to speak to an Officer. I called the number provided and spoke to attorney Steven Najera. Najera stated to me that he was representing the subject responsible for the car theft and pursuit earlier in the day, a Christian CLAUSTRO. Najera was able to relay the timeframe and nature of the event without being told and this information was not released to the public. Najera stated that CLAUSTRO had contacted him to organize his surrender to law

AFFIDAVIT

enforcement and was requesting to be placed on a psychiatric hold. I informed Najera that we would be willing to do that if CLAUSTRO fit the criteria for a psychiatric hold. A few minutes later Najera called me and stated that CLAUSTRO would be at the front desk of the Yosemite Bug Hotel wearing a black puffy jacket. I told Najera that we would meet CLAUSTRO there.

13. I contacted the Mariposa County Sherriff's office. Approximately ninety minutes later I then met with Sherriff's Deputy Slenders outside of the Yosemite Bug along with Ranger Fitzgerald. Upon approaching the front desk, I observed an individual wearing a black and gray puffer jacket speaking on a pay phone, the individual was later identified as Christian CLAUSTRO. CLAUSTRO responded to the name Christian after hanging up the phone and had tan skin with black curly hair and what appeared to be fresh wounds and scabbing on his legs.

14. Deputy Slenders attempted to ask CLAUSTRO what was going on. CLAUSTRO responded to all questions only by saying his attorney is Steven Najera. After several attempts by Slenders, I called Najera and put him on speaker phone. CLAUSTRO then refused to say anything, even to Najera. All three officers moved out of earshot to give CLAUSTRO and Najera privacy, and CLAUSTRO continued to remain silent. Without statements from CLAUSTRO and without firm statements of self-harm from Najera or CLAUSTRO's family members, we were unable to place CLAUSTRO on a psychiatric hold of any kind. Slenders told CLAUSTRO that he was free to go, and I told Najera that we would be seeking an arrest warrant.

15. At this point I developed probable cause based on Najera's knowledge of the incident, Najera's accurate description of CLAUSTRO and his location, CLAUSTRO's claiming of Najera as his Attorney, CLAUSTRO's visible wounds, and the victim's description of the suspect and his clothes matching those of CLAUSTRO that this individual was in fact Christian CLAUSTRO.

AFFIDAVIT

  Additionally, I believed there was probable cause that he was the individual that stolen the car and recklessly fled from Ranger Blade. CLAUSTRO's identity was later confirmed by live scan in the Mariposa County jail.

16. Slenders asked the front desk if they were okay with CLAUSTRO remaining there. S. Short, the front desk attendant, initially stated that they were okay with him remaining and Slenders left. Shortly after, I approached Short to get the front desk number and to give her my work cell phone number. Before leaving, I asked Short again to confirm that she was okay with CLAUSTRO remaining on the property without a room. Short called the owner of the hotel, a Douglas Shaw, who stated that he wanted CLAUSTRO to leave the property. Slenders returned after learning of this and told CLAUSTRO that he would need to leave the property, otherwise he would be arrested for trespassing. After several attempts by Slenders asking CLAUSTRO to leave, CLAUSTRO remained seated and silent.

17. Slenders placed CLAUSTRO under arrest for trespassing and transported him to Mariposa County jail, where his identity was confirmed by live scan. Body worn camera footage is available.

I declare under penalty of perjury the information which I have set forth above and on the face of this criminal complaint is true to the best of my knowledge.

      Respectfully submitted,

      *Ranger: John Hesdon #685*
      Law Enforcement Park Ranger
      Yosemite National Park, CA

AFFIDAVIT

Affidavit submitted by email/pdf and attested to me as true and accurate by telephone consistent with Fed. R. Crim. P. 4.1 and 41(d)(3). Subscribed and sworn to before me
on:_____**Dec 27, 2022**_____

_____
Hon. STANLEY A. BOONE
U.S. MAGISTRATE JUDGE


Approved as to content and form by:

 /s/ KIM SANCHEZ
Kim Sanchez
Assistant U.S. Attorney

AFFIDAVIT